UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD M. GATES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E.M. HUNDLEY HARDWARE CO.,<br><br>　　　　Defendant. | Case No. 22-cv-04663-TSH<br><br>**ORDER TO SHOW CAUSE** |

　　　　On August 12, 2022, Plaintiff Richard Gates filed the present action against his former employer, Defendant E.M. Hundley Hardware Co., alleging two causes of action under the Employee Retirement Income Security Act: (1) failure to provide plan information; and (2) denial of benefits. He now moves for default judgment. ECF No. 13.

　　　　Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, Gates alleges the Court has subject matter jurisdiction because district courts have exclusive jurisdiction over cases relating to employee benefit plans and cases filed to collect covered benefits from an ERISA plan. 29 U.S.C. § 1001. However, he fails to allege any facts that show the existence of a valid ERISA plan.

　　　　Section 1132(a)(1)(B) of ERISA "provides a right of action for plan participants or beneficiaries 'to recover benefits due . . . under the terms of [a] plan, to enforce [ ] rights under the terms of the plan, or to clarify [ ] rights to future benefits under the terms of the plan.'" *Doe v.*

*CVS Pharmacy, Inc.*, 982 F.3d 1204, 1213 (9th Cir. 2020) (alterations in original) (quoting 29 U.S.C. § 1132(a)(1)(B)). ERISA requires a formal "written instrument" for each employee benefit plan. 29 U.S.C. § 1102(a)(1) ("Every employee benefit plan shall be established and maintained pursuant to a written instrument."). "Each such plan must (1) provide a policy and a method for funding the plan, (2) describe a procedure for plan operation and administration, (3) provide a procedure for amending the plan, and (4) specify a basis for payments to and from the plan." *Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1523 n.1 (9th Cir. 1993), *as amended on denial of reh'g* (Mar. 22, 1994); 29 U.S.C. § 1102(b).

Gates alleges "Hundley Hardware maintained an employee benefit plan for employees for the purpose of providing retirement benefits." Compl. ¶ 45, ECF No. 1. He also alleges "Hundley Hardware entered into a contract under which Hundley Hardware agreed to pay Mr. Gates retirement benefits in the amount of $3,700.00 per month from the date that his employment ended through the balance of his life." *Id.* ¶ 48. However, he alleges no facts concerning a formal written instrument that created the employee benefit plan. Instead, he alleges Mr. Hundley "told" him in February 2016 that Hundley Hardware would provide him retirement benefits of $3,400.00 per month. *Id.* ¶ 14. When he asked Mr. Hundley for a written statement confirming the promise to provide retirement benefits sometime in mid-2016, "Mr. Hundley acknowledged that he intended to document the agreement to provide retirement pay to Mr. Gates." *Id.* ¶ 15. Gates further alleges that in March 2017 Mr. Hundley "advised Mr. Gates that Hundley Hardware would increase his retirement benefits to $3,700.00 per month," and in early 2018, he restated the agreement to provide Mr. Gates with retirement benefits. *Id.* ¶¶ 17, 19. At that time, he "advised Mr. Gates that he planned to document Hundley Hardware's agreement to pay retirement benefits to Mr. Gates. Mr. Hundley stated that they would get together in July 2018 to review and sign documents." *Id.* ¶ 19. That never happened. Mr. Hundley passed away in September 2018 "without having documented the agreement to provide retirement benefits to Mr. Gates." *Id.* ¶ 21.

It is true that in "limited" circumstances, "informal commitments to provide benefits c[an] create an ERISA-governed plan in circumstances where there is no written instrument, lest 'employers . . . escape ERISA's coverage merely by failing to comply with its requirements.'"

*Warmenhoven v. NetApp, Inc.*, 13 F.4th 717, 724 (9th Cir. 2021) (quoting *Cinelli v. Sec. Pac. Corp.*, 61 F.3d 1437, 1503 (9th Cir. 1995) and citing *Donovan v. Dillingham*, 688 F.2d 1367, 1372 (11th Cir. 1982) (holding that a plan exists, whether "pursuant to a writing or not," where "a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits")). However, "only a written instrument satisfying the § 1102(b) criteria can vest lifetime benefits." *Id.* Thus, as Gates alleges Mr. Hundley promised to pay him $3,700 "through the balance of his life," and he has alleged no facts to show a written instrument that satisfies the § 1102(b) criteria, it appears he is unable to establish the existence of a valid ERISA plan, leaving this Court without jurisdiction. *Warmenhoven*, 13 F.4th at 725 (Plaintiff "bears the burden to prove that a specific written instrument vested lifetime benefits.").

Accordingly, the Court **ORDERS** Plaintiff Richard Gates to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a declaration by January 5, 2023. If a responsive declaration is filed, the Court shall either issue an order based on the declaration or conduct a hearing on January 19, 2023 at 10:00 a.m. by Zoom video conference. The webinar link and instructions are located at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/.

**IT IS SO ORDERED.**

Dated: December 28, 2022

THOMAS S. HIXSON
United States Magistrate Judge